CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 10 2018
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TAYLOR NATHANIEL TOWER, | ) | CASE NO. 7:18CV00178 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NEW RIVER VALLEY REGIONAL JAIL, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Taylor Nathaniel Tower, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the New River Valley Regional Jail ("the jail"). Tower alleges that he is not being shown the lab test results related to his "Hep C" and is receiving no treatment; he is being denied grievance forms and "due process"; and he is subject to "cruel and unusual punishment" in the protective custody ("PC") unit where he is housed, per his choice for safety reasons.[1] Compl 2-3, ECF No. 1. As relief, Tower seeks monetary damages. After review of the complaint, the court concludes that Tower's civil action must be summarily dismissed without prejudice.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735

---

[1] Specifically, Tower alleges that he can only leave his PC cell for one hour per day, has limited access to a telephone and no access to a television, and has not been outside for recreation even once since December 6, 2017. He also alleges that other PC inmates have more privileges than he has.

F.3d 153, 158 (4th Cir. 2013). The only entity that Tower names as a defendant to his § 1983 claims is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. <u>McCoy v. Chesapeake Corr. Center</u>, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

Because Tower's complaint presents no legal basis for a claim actionable under § 1983 against the only defendant he has named, the court will summarily dismiss this action without prejudice under § 1997e(c)(1) as frivolous. An appropriate order will enter this day.

ENTER: This 11th day of May, 2018.

*/s/ [signature]*
Senior United States District Judge